Mario Pittoni, J.
Motion for summary judgment in an action for a declaratory judgment.
The plaintiff Police Boy’s Club of Westbury, Inc. (hereafter called Boys’ Club) is the owner of land and of a certain building thereon in the Incorporated Village of Westbury. It desires to lease the building to the plaintiff Westbury Council No. 1012, Knights of Columbus, an unincorporated fraternal association, for the conduct of bingo games on Wednesday evenings.
The property was conveyed to the Boys’ Club by the defendant by deed dated July 20, 1956. The deed contains certain clauses which have resulted in a controversy between the parties as to the propriety of the proposed lease, or of any lease, whereby the premises would be used for any purpose other than activities of the Boys’ Club. These clauses read as follows:
<£ It is expressly understood and agreed that this conveyance is made on the condition that the premises shall always be used by the grantee for the purposes and activities of a Police Boys’ Club under the direction and supervision of the Nassau County Police Department, as set forth in the Certificate of Incorporation of the grantee as presently filed, and that if, at any time, the grantee ceases to use the said land and any and all buildings that may be constructed thereon for such purposes and activities of a Police Boys’ Club under the direction and supervision of the Nassau County Police Department, the title to said premises, together with any and all buildings constructed thereon, shall revert to and reinvest in the grantor, Westbury War Memorial Community Center, Inc., or its successor.
“To have and to hold the premises herein granted unto the party of the second part, so long as the premises are used for the purposes and activities of a Police Boys’ Club under the direction and supervision of the Nassau County Police Department, as before set forth.”
It is clear that the defendant imposed a condition subsequent by those clauses which would be broken by the proposed lease or any lease. It is provided “ that the premises shall always be used by the grantee for the purposes and activities of a Police Boys’ Club ” <emphasis supplied). Obviously if the premises are being used by a lessee at any time, regardless of the limited nature of that use, the premises are not being “ always ” used for the purposes of the Boys’ Club. The same *115 clause also provides that “ if, at any time, the grantee ceases to use the land and any and all buildings which may be constructed thereon for such purpose and activities of a Police Boys’ Club * * * the title * * * shall revert to * * iS Westbury War Memorial Community Center, Inc.”. The plaintiffs do not deny that certificate of incorporation of the Boys’ Club provides in part “ The funds and property of the corporation shall be devoted solely to the charitable purposes of the corporation”. The proposed use would be in violation of those provisions. Were there any doubt as to the intention of the grantor and grantee at the time the deed was executed, the absence of any evidence by the Boys’ Club would resolve that doubt in favor of the grantor, which has submitted an affidavit of its president who was present at and familiar with the discussions whereby the conveyance was authorized. The defendant has fortified its position, in case of any doubt as to the meaning of the provisions, by the added parol evidence as to the conversations among the parties at the time the deed was given to the Boys’ Club. The prohibition of the parol evidence rule is not applicable herein (Richardson, Evidence [8th ed.], § 600).
The plaintiffs’ contention that the Boys’ Club would benefit from the rental for bingo purposes and that this comes within “ the purposes and activities of a Police Boys’ Club ” stretches beyond reason the clear meaning of the language and the objectives of the original grant. If this reasoning were to prevail the Boys’ Club could rent out the premises each and every day, each and every evening, and own the building merely for money making purposes to be derived therefrom. The premises could then be rented out completely and never be used again by the boy members of the Boys’ Club. This contention is not tenable.
The Boys’ Club received this very valuable property as a gift. The objectives and conditions of the gift are not only laudable but easy to comply with. The grantee Boys’ Club shall comply with the letter and the spirit of the deed.
Accordingly, summary judgment is granted dismissing the complaint, and declaring that the premises may not be utilized for the proposed use by the lessee plaintiff, nor for any purpose other than the activities of the Boys’ Club.